**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLY HANDOKO DJAP,

　　　　　Petitioner,

v.

JOHN ASHCROFT, Attorney General,

　　　　　Respondent.

No.  03-9607
(No. A95-219-115)
(Petition for Review)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Petitioner Willy Handoko Djap petitions for review of a decision of the

Board of Immigration Appeals (BIA), which dismissed his appeal from an

---

*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

immigration judge's (IJ) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction, and we deny the petition for review.

Petitioner is a native of Indonesia who entered the United States in December 2000 and overstayed his six-months' visitor's visa. The Immigration and Naturalization Service (INS)[1] initiated removal proceedings against him under 8 U.S.C. § 1227(a)(1)(B). Petitioner applied for asylum, withholding of removal, and relief under the CAT. To be eligible for asylum, petitioner must first show his status as a refugee. He can do this by demonstrating that he "either (1) has a well-founded fear of future persecution, (2) has suffered past persecution, which gives rise to a rebuttable presumption of a well-founded fear of future persecution, or (3) has suffered past persecution so severe as to demonstrate compelling reasons for being unwilling or unable to return to his country of nationality." *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004) (citations and quotations omitted); *see also* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee," as used in the asylum statute (8 U.S.C. § 1158(b)), as a person unable to return to

---

[1] "The INS ceased to exist on March 1, 2003, and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the newly formed Department of Homeland Security." *Sviridov v. Ashcroft*, 358 F.3d 722, 724 n.1 (10th Cir. 2004).

his country due to persecution based on "race, religion, nationality, membership in a particular social group, or political opinion").

Petitioner claimed that he suffered past persecution in Indonesia because of race (his grandparents were from China) and his Christian religion (Indonesia is predominantly Muslim). He said he was forced to learn the Muslim religion in elementary school. In 1996, six Indonesians demanded money from petitioner and stole his bicycle, and he cut his leg in the scuffle. In 1997, two Indonesians beat him and took his wallet containing the equivalent of five dollars, and the police did not investigate the robbery. Later that year, petitioner's car tires were flattened and, when he and a friend took the bus home, they were robbed by Indonesians. His wallet was once stolen while he was stopped at a red light. During the Indonesian riots of May 1998, petitioner's shop was looted and burned. Petitioner contends all of these incidents occurred because of his Chinese ethnicity and Christian religion, and that the government was unwilling or unable to control the Indonesian Muslims who persecuted him.

After a hearing, the IJ denied petitioner's application, and ordered him removed to Indonesia. The IJ found that the attacks against petitioner were acts of robbery by common criminals, committed not because he was of Chinese descent or Christian, but because he had money. Petitioner timely appealed to the BIA, which dismissed his appeal in a reasoned decision. The BIA found that "the

experiences described [by petitioner] do not rise to the level that can be considered persecution," noting that persecution is distinct from mere discrimination or harassment. Aplt. App. at 2.

On appeal, petitioner contends that the BIA erred in finding that the evidence failed to establish past persecution or a clear probability of future persecution, and erred in finding his experiences did not constitute persecution. Because the BIA issued a reasoned determination, our review is limited to that decision. *Compare Rivera-Jimenez v. INS*, 214 F.3d 1213, 1216 (10th Cir. 2000) (per curium) ("Our review is limited to the decision of the BIA, and not that of the immigration judge,") *with Wiransane*, 366 F.3d at 897 (stating that in summary affirmance cases, this court examines IJ's reasoning). "We will not reverse the agency's decision unless the evidence compels the conclusion that petitioner[ ][has] a well-founded fear of persecution because of one of the protected grounds." *Estrada-Escobar v. Ashcroft*, 376 F.3d 1042, 1046 (10th Cir. 2004).

A finding of persecution "requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive" and must entail "more than just restrictions or threats to life and liberty." *Woldemeskel v. INS*, 257 F.3d 1185, 1188 (10th Cir. 2001) (quotation omitted). "Mere generalized lawlessness and violence between diverse

populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum. . . ." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998). "[A]cts of common criminality or personal hostility . . . do not implicate asylum eligibility." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1209 (10th Cir. 2003).

We agree with the BIA that the facts presented by petitioner do not meet this high standard, and that the mistreatment he experienced was insufficient to rise to the level of persecution. Because petitioner cannot establish that he is entitled to asylum, he cannot satisfy the more stringent standards required for withholding of deportation. *Woldemeskel*, 257 F.3d at 1193. Further, petitioner has not demonstrated a likelihood that he would be tortured if removed to Indonesia, which must be shown to establish entitlement to protection under the CAT. *See* 8 C.F.R. § 208.16(c)(2).

The petition for review is DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-